IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : | Civil No. 1:26CV913 |
| v. | : | |
| $194,573.00 in U.S. CURRENCY,<br>Defendant. | : | |

**<u>VERIFIED COMPLAINT OF FORFEITURE *IN REM*</u>**

Plaintiff United States of America, by and through Dan Bishop, United States Attorney for the Middle District of North Carolina, respectfully states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of the defendant property, which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C § 1956(c)(7)), or a conspiracy to commit such offense, including but not limited to the sale or exchange of a controlled substance in violation of state and federal law.

2. This action is also brought to enforce the provisions of 21 U.S.C § 881(a)(6) for the forfeiture of the defendant property, which was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C §§ 801 *et seq*., or represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate violation of the Controlled Substances Act.

3. The defendant property is $194,573.00 in U.S. currency, which was seized on February 18, 2026, in Archdale, North Carolina, while located within the jurisdiction of this Court, and currently is in the custody of the United States Marshals Service.

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395, because the defendant property was seized while located within the jurisdiction of this Court, and one or more of the acts giving rise to forfeiture occurred in this district.

6. Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be

granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 4th day of September, 2026.

Respectfully submitted,

DAN BISHOP
U.S. ATTORNEY

*/s/* Nathan L. Strup
Nathan L. Strup, N.C. Bar No. 64512
Assistant U.S. Attorney
Middle District of North Carolina
101 South Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351/nathan.strup@usdoj.gov

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

Joshua W. Wolfe
Task Force Officer
Drug Enforcement Administration